IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Serandy Michelle Goff, | Civil Action No. 2:18-cv-03313-TLW |
|---|---|
| PLAINTIFF | |
| v. | **Order** |
| Andrew M. Saul, Commissioner Social Security Administration, | |
| DEFENDANT | |

Plaintiff Serandy Michelle Goff brought this action pursuant to Section 205(g), as amended 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Mary Gordon Baker. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 23. Plaintiff filed objections to the Report. ECF No. 24. The Commissioner replied to Plaintiff's objections. ECF No. 26. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. In her objections, Plaintiff argues that the ALJ did not account for her moderate limitations in concentration, persistence, or pace in rendering an RFC determination. In this case, the ALJ determined that while Plaintiff had "moderate limitations with respect to her capacity for concentrating, persisting, or maintaining pace," she was still able to perform "simple, routine, and repetitive tasks." (Tr. 79, 81). The ALJ considered the medical opinions in the record and Plaintiff's reports of daily living activities (which included "cooking breakfast, taking her medications, handling personal grooming and toilet needs without assistance, performing light chores around the home with frequent breaks due to fatigue, using the computer, going to the races,…attending appointments, using her phone, computer, and Facebook, watching television, and interacting with family") to explain his determination that Plaintiff's moderate limitations in concentration, persistence,

and pace do not require an additional restriction beyond simple, routine, and repetitive tasks. (Tr. at 88, referencing Tr. at 645–56, 897–902.)

Plaintiff also objects to the assessment of the medical opinion evidence. Plaintiff argues that the ALJ erred in affording greater weight to the opinion of psychological examiner Dr. John Whitley, Ph.D., over the opinions of psychological examiner Dr. Robert Brabham, Ph.D., and examining physicians Dr. Craig Lichtblau, M.D. and Dr. Marshall White, M.D. After reviewing the record and the Report, and noting that Dr. Whitley performed an extensive psychological examination and the ALJ determined that Dr. Whitley's opinion of the Plaintiff's condition was consistent with the Plaintiff's reports of daily living activities, the Court concludes that the weight assigned to the medical opinions is supported by substantial evidence. For the reasons stated, Plaintiff's objections are overruled.

After careful review of the ALJ's decision and the evidence in the record, the Court finds that the ALJ supported his decision with substantial evidence. The Court notes and finds persuasive the detailed analysis set forth in the Report of the Magistrate Judge. It is hereby **ORDERED** that the Report, ECF No. 23, is **ACCEPTED**, and Plaintiff's objections, ECF No. 24, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

                                                                _*s/ Terry L. Wooten*_____
                                                                 Terry L. Wooten
                                                                 Senior United States District Judge

March 19, 2020
Columbia, South Carolina